**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RICHARD SANTISTEVAN,

       Plaintiff-Appellant,

 v.

COLORADO SCHOOL OF MINES, a
body corporate,

       Defendant-Appellee.

No. 04-1513
(D.C. No. 03-MK-476 (OES))
(D. Colo.)

---

**ORDER AND JUDGMENT**  *

---

Before **HENRY, ANDERSON** , and **TYMKOVICH** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Richard Santistevan appeals from the district court's dismissal of his complaint with prejudice for failure to prosecute. He also appeals the district court's denial of his postjudgment motion for reconsideration. We affirm.

BACKGROUND

Plaintiff filed a Title VII national origin discrimination and retaliation complaint against his employer, the Colorado School of Mines, in March 2003. Shortly thereafter, plaintiff's counsel sought to withdraw because plaintiff failed to keep in contact or communication with his attorney. Plaintiff renewed contact, and the attorney withdrew the motion. The district court entered a trial setting order that set a final trial preparation conference (FTP Conference) for October 5, 2004, and referred pretrial matters to a magistrate judge.

On October 10, 2003, plaintiff's counsel again moved to withdraw because of plaintiff's failure to maintain contact or communication with him. The motion was granted on November 10, 2003, and notice was sent to plaintiff at his address on record with the court. Defendant attempted unsuccessfully to contact plaintiff in November 2003, to schedule his deposition. Plaintiff did not attend a scheduled settlement conference on December 2, 2003, and the magistrate judge entered an order to show cause why the case should not be dismissed. Plaintiff did not respond, and the magistrate judge filed a report and recommendation

-2-

("R&R") that the action be dismissed for failure to prosecute. Plaintiff did not file objections to the R&R.

Three months later, on March 15, 2004, plaintiff's counsel re-entered his appearance, stating that plaintiff had been incarcerated at the time of the settlement conference in December and had since been released. Plaintiff moved to file a late response to the order to show cause, to vacate the final pretrial conference, and to amend the scheduling order. The magistrate judge initially agreed to amend the scheduling order.

Defendant moved for reconsideration, however. It argued that plaintiff should have notified the court of his prison address, thus, his incarceration did not excuse his failure to respond to the magistrate judge's show cause order and the R&R. The magistrate judge vacated the amended scheduling order and stated in his order that "[n]o further action will be taken in this case until after [the district court] has ruled on the Recommendation for Dismissal . . . ." Aplt. App. at 68 (the "No-Further-Action Order"). In July 2004, plaintiff filed a motion requesting the district court rule on the R&R.

On the date set for the FTP Conference, October 5, 2004, defendant's counsel appeared in court, but plaintiff's counsel did not. The court's deputy reported that plaintiff's counsel stated he was unaware of the FTP Conference, was not prepared to attend, and would accept any sanction issued by the court.

-3-

After hearing argument from defendant's counsel, and making findings of fact and conclusions of law on the record, the district court dismissed plaintiff's complaint with prejudice for failure to prosecute, as authorized by Fed. R. Civ. P. 41(b).

Plaintiff filed a motion for reconsideration within ten days of the dismissal, stating in an affidavit that he had told the court's deputy that he was unaware of the FTP Conference because he believed the case had been abated pursuant to the No-Further-Action Order, pending a ruling on the R&R. The district court denied the motion for reconsideration. The district court first noted that the schedule it set in its trial setting order had never been modified, and it was unreasonable for counsel to assume the magistrate judge had authority to override the district court's scheduling order. Second, the FTP conference was listed on the district court's docket, thus, plaintiff's counsel could easily have ascertained that the conference was still scheduled by calling the court's clerk or checking the docket posted on the court's website. Further, the trial setting order permits modification only by timely application therefor, which plaintiff did not make. Third, because the trial setting order states that all outstanding motions will be determined at the FTP conference, counsel should have understood the district court would rule upon the outstanding recommendation to dismiss at that conference. Finally, the district court expressed its belief that diligent counsel would not have merely

offered to accept sanctions when informed of the conference, but would have requested a brief continuance or requested to appear by telephone.

ANALYSIS

On appeal, plaintiff contends the district court abused its discretion in dismissing the action for failure to prosecute and committed legal error and abused its discretion in denying his motion for reconsideration.

A.  DISMISSAL FOR FAILURE TO PROSECUTE

*Governing Standards*.  The Federal Rules of Civil Procedure permit a district court to exercise its discretion to dismiss an action "for failure of the plaintiff to prosecute or to comply with . . . any order of court."  Fed. R. Civ. P. 41(b); *see also Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (holding that district courts have discretion to dismiss case as sanction for failing to appear at pretrial or scheduling conference).  "Because dismissal is such a harsh sanction, it is appropriate only in cases of willfulness, bad faith, or some fault of [the plaintiff]."  *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (quotation and alteration omitted).

A district court may dismiss an action under Rule 41(b) only after considering whether certain factors support a dismissal.  These factors, set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with

the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (quotation and alteration omitted) (applying *Ehrenhaus* factors to dismissal under Rule 41(b)).

*District Court's Application of Ehrenhaus Factors*. The district court cited and considered each of the *Ehrenhaus* factors in its dismissal order. Because defendant had been unable to complete its discovery, the district court found it was prejudiced by plaintiff's failure to notify the court of his prison mailing address, to attend the settlement conference, to respond timely to the show cause order and the R&R, and to appear at the FTP Conference. The court found the judicial system was prejudiced by the complete lack of any meaningful advancement in the case, as well as the time spent by the magistrate judge seeking an explanation of plaintiff's failure to appear and to respond. Further, the judicial system was prejudiced when the district court had to conduct the FTP Conference without the benefit of plaintiff's counsel's presence.

Further, the district court found that plaintiff was clearly culpable for his failure to appear and to respond, despite his pro se status, because the court's local rules obligated him to notify the court of his correct telephone number and address where papers and pleadings could be served. Plaintiff was also fully

responsible for the delays caused when he failed to keep in contact with his attorney. The district court further ruled that plaintiff and his counsel bore the full responsibility for not attending the FTP Conference because no order ever modified or vacated that conference date. *See Gripe*, 312 F.3d at 1189 (holding that it is well established that client is held responsible for counsel's inaction in Rule 41(b) dismissals). Finally, the district court found that sanctions less than dismissal would be ineffective because plaintiff had disregarded multiple court orders and failed to comply with numerous local court rules, in particular the failure to appear at the FTP Conference even after the magistrate judge had recommended dismissal for failure to prosecute.

*Standard of Review*. We will not disturb the district court's dismissal decision under Rule 41(b) absent an abuse of discretion. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962). "Under the abuse of discretion standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *McEwen v. City of Norman*, 926 F.2d 1539, 1553-54 (10th Cir. 1991) (quotation omitted). We conclude the district court did neither here; consequently, its dismissal without prejudice was not an abuse of discretion.

*Plaintiff's Arguments on Appeal*. Plaintiff contends on appeal that the district court abused its discretion in dismissing the case for failure to prosecute based on his incarceration and his counsel's failure to attend the FTP Conference, which he characterizes as a single, unintentional incident. He contends there was no pattern of deliberate delay and no willful failure to comply with court orders.

Almost all of plaintiff's arguments on appeal focus on magistrate judge's No-Further-Action Order. As noted above, plaintiff contends his counsel did not appear at the FTP Conference because he believed the case was abated pursuant to the No-Further-Action Order. He claims that his understanding of that order was reasonable and in good faith, that the order lulled him into inaction, and that his reliance on the order constitutes mistake and excusable neglect.

We find support, however, for the district court's conclusion that plaintiff and his counsel bear full responsibility for failing to attend the FTP Conference. While we have some sympathy for plaintiff's argument that the No-Further-Action Order was confusing, we cannot conclude that plaintiff's counsel acted reasonably in simply assuming that the scheduled FTP Conference had been cancelled. The FTP Conference was set by district court order,[1] had not been

_____

[1]    Plaintiff contends that the magistrate judge set the final trial preparation conference, thus had authority to vacate it pursuant to the No-Further-Action Order. This is not accurate. The district court set that conference in its June 20, 2003 Trial Preparation Order, and stated that the schedule could only be modified

(continued...)

vacated by any subsequent district court order, and had, as one of its stated purposes, the resolution of outstanding motions. Further, the FTP Conference was listed on the district court's docket, publicly available on the court's website. Plaintiff's counsel could easily have contacted the district court rather than merely making the unwarranted assumption that the FTP Conference had been cancelled. Counsel's failure to confirm the status of the FTP Conference with the court was particularly risky, given that the case was already subject to a R&R to dismiss for failure to prosecute, that dismissal would be much more likely in the event of any continued failure to comply with court orders, and that dismissal was listed as a possible sanction for failing to attend the FTP Conference, *see* Aplt. App. at 24-25.

More significantly, the district court did not base its dismissal only on plaintiff's failure to appear at the FTP Conference, but on plaintiff's *complete* failure to prosecute the case, including his failure to provide the court with his address, to attend two pretrial conferences, to respond to the show cause order, and to file timely objections to the magistrate judge's R&R. We disagree with plaintiff's statement that he only made the single mistake of not attending the FTP Conference. *See* Aplt. Br. at 7. The district court was not faced with an isolated

---

[1](...continued)
by timely written application to the court. Aplt. App. at 23-25.

incident of negligence or noncompliance. *See Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993) (finding interference with judicial process where plaintiffs "repeatedly ignored court orders and thereby hindered the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party").

Further, we find support for the district court's finding of willful failure to comply with court orders. Plaintiff was obligated by court rules to notify the court of any address change, yet he failed to keep in contact with his attorney or the court. Even a pro se litigant "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Plaintiff makes no attempt to justify his failure to provide his counsel or the court with his address, be it a prison address or otherwise. And as noted above, the FTP Conference was set pursuant to an unmodified district court order, confirmable by a phone call to the court or by the publicly available district court docket.

## MOTION FOR RECONSIDERATION

Plaintiff next contends the district court erroneously denied his motion for reconsideration. He contends that the district court committed legal error by treating it as motion to alter or amend the judgment under Fed. R. Civ. P. 59(e),

and failing to treat it as motion for relief from judgment based on attorney mistake or excusable neglect pursuant to Fed. R. Civ. P. 60(b).

We recently held that district courts "should evaluate postjudgment motions filed within ten days of judgment based on the reasons expressed by the movant, not the timing of the motion." *Jennings v. Rivers*, 394 F.3d 850, 855 (10th Cir. 2005). In *Jennings*, the movant clearly asked the court to reopen the judgment based on mistake, inadvertence, or excusable neglect – the reasons permitted under Rule 60(b)(1) – but the district court limited its analysis to Rule 59(e), which is normally granted only to correct manifest errors of law or to present newly discovered evidence. *Id*. at 854. Here, in contrast, plaintiff's motion was titled as a motion for reconsideration and never cited Rule 60(b) or used the terms "mistake, inadvertence or excusable neglect," or any other language invoking Rule 60(b)'s subsections. It cannot be said, as was the case in *Jennings*, that plaintiff clearly sought relief under Rule 60(b). More critically, unlike the court in *Jennings*, the district court in this case did address plaintiff's implicit arguments that the judgment should be reconsidered on grounds of mistake, inadvertence, or excusable neglect. We find no legal error in the district court's treatment of the motion.

Further, regardless of whether the motion is treated as a motion to alter or amend under Rule 59 or a motion for relief from judgment under Rule 60(b), we

do not find the court abused its discretion in denying the motion. *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (noting that this court reviews a denial of either a Rule 59(e) or 60(b) motion only for abuse of discretion). "The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Jennings*, 394 F.3d at 856 (quotation omitted). Taking into account all such circumstances, as discussed in detail above, we conclude the district court did not abuse its discretion in not finding excusable neglect.

We AFFIRM the district court's dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b).

Entered for the Court

Robert H. Henry
Circuit Judge