**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 23, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DAVID LEE,

      Plaintiff-Appellant,

  v.

REGENTS OF UNIVERSITY OF
CALIFORNIA, d/b/a Los Alamos
National Laboratory; G. PETER
NANOS; CAROLYN MANGENG;
LEE McATEE; WILLIAM F. EISELE;
JAMES R. BLAND; SANDRA
GOGOL; and VICTORIA McCABE,

      Defendants-Appellees.

No. 06-2008
(D.C. No. CIV-04-1087 JP/WDS)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

Plaintiff David Lee appeals from the district court's order denying his

request for reconsideration with respect to its earlier order dismissing his

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Having jurisdiction under 28 U.S.C. § 1291, we affirm.

**Background**

**A. Lee's Termination**

This case arises out of the termination of Lee's employment with the Los Alamos National Lab ("Lab"). According to Lee's complaint, he began working at the Lab in 1993 as a technical staff member and team leader of the Radiological Engineering Team ("RET") within the department known as HSR-12. In April 2002, Sandra Gogol, a probationary employee under Lee's supervision, complained to James Bland, another staff member, that Lee had been treating her unfairly. Lee maintains that these complaints were false. He also contends, however, that Bland "harbored considerable resentment" towards him because he had replaced Bland as the RET team leader. Aplt. App. at 10. He claims that because of this animosity, Bland encouraged Gogol to take her complaints directly to Lee McAtee, a high-level manager who also harbored "one or more personal grudges" against Lee. *Id.* at 11. Gogol followed Bland's advice and told McAtee that Lee had been mistreating her and that she wanted a job transfer.

Based on Gogol's accusations, McAtee and Bland, acting in concert with Victoria McCabe of the human relations office and William Eisele, the HSR-12 group leader, "set in motion a chain of retaliatory events that was eventually to

culminate in [Lee's] termination." *Id.* at 13.  First, Eisele told Lee that he was to have no further contact with Gogol.  Then, McCabe opened an investigation into Gogol's complaints.  According to Lee, the investigation "was unfair, inadequate, biased, and not calculated to yield reliable results," and was instead "designed to gather sufficient adverse material concerning [Lee] to provide a pretextual basis for disciplining him." *Id.* at 14.  He concedes, however, that McCabe interviewed him twice as part of her investigation.

In August 2002, after a meeting between McCabe, Eisele, and McAtee, Lee was suspended, demoted, and formally reprimanded for various infractions that he claims he did not commit.  The Lab ultimately terminated his employment in November 2002.

**B.  The District Court Proceedings**

On September 29, 2004, Lee sued Gogol, Bland, McAtee, McCabe, Eisele, and the Regents of the University of California[1] under 42 U.S.C. § 1983, claiming that he was deprived of a property interest in his job without due process in violation of the Fourteenth Amendment.  His complaint, however, does not describe any inadequacies in the process used to fire him.  Instead, Count I, which

---

[1]     The Lab is managed by the University of California.  Lee also sued the director of the Lab, G. Peter Nanos, and the acting deputy director, Carolyn Mangeng, based on alleged defamatory statements made about him to his subsequent employer.  Lee did not seek reconsideration of the dismissal of his defamation-related claims, however, and Nanos's and Mangeng's actions do not appear to be otherwise relevant to the § 1983 claim at issue in this appeal.

is his § 1983 claim, states only that the defendants "deprived [him] of rights protected by § 1983, specifically, the right to be suspended or terminated only for just cause." Aplt. App. at 17. The defendants moved to dismiss the § 1983 claim based on Lee's failure to challenge the termination process. They argued that the Due Process Clause only protects against governmental deprivations without due process of law, and since Lee alleged only that he was terminated without cause, his complaint failed to state a § 1983 claim.

In a thorough and well-reasoned opinion, dated May 17, 2005, the district court considered whether the defendants were entitled to qualified immunity with respect to the § 1983 claim. The court explained that first it had to determine whether Lee had alleged a violation of his procedural due process rights. *See id.* at 58; *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 516 (10th Cir. 1998). If so, it would have to reach the next question of "whether the right allegedly implicated was clearly established at the time of the events in question." *Tonkovich*, 159 F.3d at 516 (quotation omitted).

Properly limiting its review to the allegations in Lee's complaint, *see Issa v. Comp USA*, 354 F.3d 1174, 1179 (10th Cir. 2003) (explaining that a plaintiff cannot rely on briefing to supplement complaint), the district court concluded that the defendants were entitled to qualified immunity, because the complaint did not state a due process violation. Thus, the court did not have to decide whether the constitutional right at issue was clearly established. As the court explained, Lee's

-4-

allegation that he was fired without cause was insufficient to invoke the protections of § 1983.

> "In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law.*"

Aplt. App. at 59 (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)). Since the complaint challenged only the propriety of the deprivation and not the adequacy of the termination process, the district court concluded that the complaint failed to state a procedural due process claim.[2]

The court went further, however, and found that even if Lee had challenged the adequacy of the termination process, his § 1983 claim would still have failed because it was evident from the complaint that Lee was accorded adequate process. Citing *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 545, 546 (1985), the court explained that "[a] pretermination hearing 'need not be elaborate' nor does it need to be a full-blown evidentiary hearing. . . . All that due process requires is 'notice and an opportunity to respond.'" Aplt. App. at 59-60. Here, the court determined that McCabe's pre-termination interviews of Lee showed that he was provided with notice and an opportunity to respond, which was all that due process required. It went on to hold that Lee's failure to allege

---

[2] The court and the defendants assumed for purposes of the motion to dismiss that Lee had a valid property interest in his continued employment with the Lab.

that he had requested and been denied a post-termination hearing waived any arguments based on the lack of such a hearing. *Id.* at 92; *see Pitts v. Bd. of Educ. of U.S.D. 305*, 869 F.2d 555, 557 (10th Cir. 1989) (holding that plaintiff's failure to request pre-termination hearing waived right to challenge hearing in court); *Alvin v. Suzuki*, 227 F.3d 107, 116-19 (3rd Cir. 2000) (rejecting plaintiff's § 1983 claim because plaintiff failed to use formal grievance process).

On May 27, 2005, Lee filed a motion asking the court to reconsider its dismissal of his § 1983 claim. He argued that since a § 1983 claim carries no exhaustion requirement, he was not required to request a post-termination hearing before filing suit. The district court interpreted the motion as "essentially question[ing] the correctness of [its] prior Order" and therefore "evaluate[d] [the] motion under Rule 59(e) for manifest error." Aplt. App. at 91. It rejected Lee's exhaustion argument, explaining that the issue was not one of exhaustion but whether Lee had a § 1983 claim to begin with. "A due process violation does not occur until a state fails to provide due process, and 'exhaustion *simpliciter* is analytically distinct from the requirement that the harm alleged . . . has occurred.'" *Id.* at 92 (*quoting Alvin*, 227 F.3d at 116). Lee, the court explained, lacked a constitutional claim to begin with because the complaint itself described a process sufficient under the Fourteenth Amendment. And again, the court held that Lee had waived any challenge to the fairness of a post-termination hearing by failing to request such a hearing. Consequently, the court determined that its

earlier order was not manifestly erroneous and denied the Rule 59(e) motion. Lee then filed this appeal, challenging the district court's denial of his Rule 59(e) motion.

**Analysis**

It is well-settled that a Rule 59(e) motion should only be granted "to correct manifest errors of law or to present newly discovered evidence." *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) (quotation omitted). When a district court denies such a motion, we review its decision for abuse of discretion. *Id.* This includes a "review to determine that the discretion was not guided by erroneous legal conclusions." *Id.* (quotation omitted).

Lee argues on appeal that the procedures in place for Lab employees subject to termination are so biased in favor of the Lab that a fired employee should not be required to partake of them in order to raise a procedural due process claim. Specifically, he argues that section 111.34 of the Lab's Administrative Manual, which precludes the hearing officer from issuing subpoenas, is hopelessly unfair, because although the Lab can compel current employees to testify on its behalf, the claimant has no means to compel unwilling witnesses to give testimony on the claimant's behalf. He concludes by arguing that "a fired public employee may not be required to take advantage of a state grievance or hearing procedure that does not provide the due process to which the plaintiff is entitled." Opening Br. at 15.

This argument, although based on a more specific challenge to the Lab's post-termination procedures, is simply another take on the exhaustion argument that Lee asserted vigorously before the district court. We agree with the district court, however, that exhaustion is not the issue. Lee's § 1983 claim fails not because he refused to jump through the requisite hoops, but because he affirmatively pled that he was afforded notice and an opportunity to respond before he was terminated. We also agree with the district court that Lee waived any challenge to the fairness of the Lab's post-termination hearing procedures because he never requested a post-termination hearing. And as the district court stated, he cannot make a futility argument with respect to the post-termination process based on alleged unfairness in the pre-termination process. *See Alvin*, 227 F.3d at 119 (explaining that bias in early stages of termination process does not prove bias in later stages). In short, for the same reasons stated by the district court in its December 12, 2005, order denying Lee's Rule 59(e) motion, we conclude that Lee failed to show that the court's finding with respect to qualified immunity was manifestly erroneous. Therefore, the court clearly acted within its discretion in denying Lee's Rule 59(e) motion, and its judgment must be, and is, AFFIRMED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

-8-