**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 23, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ALLAN SHONTA MAUL;
VERNON WHITESIDE,

      Plaintiffs-Appellants,

v.

CITY OF LANGSTON; DAVID
WEBB, individually and in his official
capacity as Chief of Langston Police
Force; MICHAEL BONDURANT,
individually and in his official
capacity as Langston Police Officer,

      Defendants-Appellees,

   and

LOGAN COUNTY BOARD OF
COUNTY COMMISSIONERS,

      Defendant.

No. 07-6009
(D.C. No. CIV-05-605-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiffs Allan Shonta Maul and Vernon Whiteside appeal the district court's summary judgment in favor of defendants City of Langston, Police Chief Webb, and Police Officer Bondurant (collectively, "City defendants") on their claims brought under 42 U.S.C. § 1983 for violating their Fourth-Amendment rights. They also appeal the order denying their motion to reconsider. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

*Background*

The parties are familiar with the facts and procedural history. Accordingly, we provide only an abbreviated outline of the background, construing the facts in the light most favorable to plaintiffs because they are the parties opposing summary judgment. Plaintiffs were two of about fifteen guests at a party held at a private residence on December 27, 1999. Six days later, one of the party attendees, a sixteen-year-old girl, claimed plaintiffs separately had nonconsensual sexual relations with her during the party after she had consumed alcohol. Officer Bondurant investigated the complaint. He interviewed plaintiffs and the party host, but did not interview any of the others present during the party.

Officer Bondurant initiated proceedings against plaintiffs, providing two affidavits to demonstrate probable cause. After a state assistant district attorney reviewed the case, plaintiffs were arrested and charged with first-degree rape. *See* Okla. Stat., tit. 21, §§ 1111(A); 1114(A)(2) & (3). A preliminary hearing was held in April 2000, after which a state-court judge found probable cause to bind

plaintiffs over for trial. Ultimately, a jury acquitted plaintiffs of the charges in May 2003.

Plaintiffs filed suit in federal court asserting various claims against numerous defendants. In orders not included in this appeal, the district court disposed of the claims against all defendants except the three appellees named herein. As relevant to this case, plaintiffs pursued claims under § 1983 against the City defendants for the constitutional torts of malicious prosecution and abuse of process, and for violating their substantive due-process rights.[1] Plaintiffs claimed that Officer Bondurant included a false statement and omitted exculpatory evidence in his probable-cause affidavits, and that Chief Webb improperly supervised Bondurant's investigation and failed to properly train him. Chief Webb and Officer Bondurant interposed the defense of qualified immunity.

The district court granted summary judgment to the City defendants. Addressing plaintiff's malicious-prosecution and abuse-of-process claims, the court determined that plaintiffs did not show that Officer Bondurant had included a false statement in his affidavit, and "even if the omitted facts were considered, the assistant district attorney had probable cause to bring charges against Plaintiffs and, furthermore, the subsequent preliminary hearing cured prior constitutional defects." Aplt. App., Vol. 2, at 885. The court rejected plaintiff's

---

[1]     Plaintiffs conceded in the district court that they could not maintain their remaining claims and they do not attempt to pursue those claims here.

substantive-due-process claims "because the evidence could not reasonably support the inference that either Bondurant or Webb intentionally violated or were deliberately indifferent to Plaintiff's rights and because the record did not reveal conduct that would shock the judicial conscience." *Id.* at 885-86. The court also held that Bondurant and Webb were entitled to qualified immunity because plaintiffs failed to carry their burden to show that defendants had violated a constitutional right. Plaintiffs filed a motion to reconsider, which the district court denied.

Plaintiffs appeal, asserting error only in the district court's summary-judgment rulings on their malicious-prosecution claim and on qualified immunity.

*Discussion*

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. *McGowan v. City of Eufala*, 472 F.3d 736, 741 (10th Cir. 2006). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). We review the district court's order denying reconsideration for an abuse of discretion. *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005).

We have carefully reviewed the record on appeal, the parties' briefs, and the applicable law. Applying the standards set out above, we affirm the district court's thorough, careful, and accurate order granting summary judgment to the City defendants for the reasons stated in its memorandum opinion and order dated October 4, 2006. We find no abuse of discretion in the district court's decision to deny reconsideration of the summary-judgment order for the reasons stated in the November 29, 2006 order denying reconsideration.

The judgment of the district court is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge