**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BOBBY BATTLE,

        Plaintiff–Appellant,

v.

OKLAHOMA SENATOR MIKE
JOHNSON; JANE DOE; JOHN DOE,

        Defendants–Appellees.

No. 09-6140

(D.C. No. 5:09-CV-00525-R)

(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the parties' briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

In this case Plaintiff, proceeding *pro se*, brought suit against Defendant, a
member of the Oklahoma State Senate. In his complaint, Plaintiff alleged that
Defendant had violated his civil rights by preventing a bill from proceeding out of

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

its assigned committee. Defendant responded by filing a motion to dismiss under 12(b)(6). Plaintiff filed no response. Accordingly, the district court granted Defendant's motion, ruling that the motion was deemed confessed. Additionally, the court held that Plaintiff had failed to state a claim "because Defendant is absolutely immune from suit for his actions or inactions 'within the sphere of legitimate legislative authority'" under both the United States and the Oklahoma State Constitutions. (Doc. 6 at 1 (citing *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951).) Following that dismissal, Plaintiff filed a notice of appeal and, a short time later, a motion to vacate which the district court denied.

Construing the requirements of Rule 3 of the Federal Rules of Appellate Procedure liberally, we will consider Plaintiff's brief as his notice of appeal from both the district court's dismissal and its denial of his motion to vacate. *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992). On appeal, as he did in his motion to vacate, Plaintiff argues the district court mailed notice it had granted his motion to proceed *in forma pauperis* to the wrong address and had he received the notice, he would have responded to Defendant's motion. We review dismissal under 12(b)(6) de novo, *Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008), and the denial of a motion to vacate for abuse of discretion, *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005).

After careful consideration of the parties' briefs and the record on appeal, we conclude the district court correctly dismissed Plaintiff's complaint.

-2-

Accordingly, for substantially the same reasons set forth in the district court's orders, we **AFFIRM**.

Entered for the Court


Monroe G. McKay
Circuit Judge