FILED
United States Court of Appeals
Tenth Circuit

June 15, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARK DUHALL,

      Plaintiff-Appellant,

v.

LENNAR FAMILY OF BUILDERS,

      Defendant-Appellee.

No. 09-1405
(D.C. No. 1:07-CV-00040-REB-BNB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

Plaintiff-appellant Mark DuHall, who describes himself as a black man born in Africa, brought this action against defendant Lennar Family of Builders (Lennar) in connection with his purchase from Lennar of a house in Colorado Springs and his extensive attempts to get Lennar to fix the defects in the house. In his complaint, Mr. DuHall described his efforts to have Lennar repair the

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

problems in his new house, particularly problems involving a faulty furnace and a defective handrail. He alleged that a Lennar employee, Jeff Gerhard, repeatedly ordered the wrong materials and made disparaging racial remarks to him. Ultimately, when he got no satisfaction from the Lennar employees in Colorado Springs, Mr. DuHall contacted Lennar headquarters in Houston, Texas. No one from the Houston office responded, but Mr. DuHall did talk with Brian Sorsby in the Denver office. Mr. Sorsby eventually sent Mr. DuHall a check for $5000 as part of a settlement agreement between the parties. Despite the settlement, Mr. DuHall filed this action alleging that Lennar's repeated failure to fix the problems caused him considerable economic damage. Mr. DuHall's complaint asked for relief under 42 U.S.C. §§ 1981, 1981a, and 1988 and 29 U.S.C. § 216(b), of the Fair Labor Standards Act (FLSA).

The district court disposed of this case in two separate orders. In its April 22, 2008, order, the district court dismissed the 42 U.S.C. § 1981a claim for failure to state a claim upon which relief can be granted because that statute "only prohibits intentional discrimination in employment" and Mr. DuHall had not alleged that his employer had discriminated against him on account of his race. R. Vol. 1 at 231. Similarly, because Mr. DuHall did not allege an employer-employee relationship between himself and Lennar, the district court adopted the recommendation of the magistrate judge and dismissed the FLSA claim as well.

In a second order dated August 10, 2009, the district court granted summary judgment to Lennar on Mr. DuHall's remaining 1981 claim. R. Vol. 2 at 201.[1] Mr. DuHall's postjudgment motions were denied on November 3, 2009.[2]

Our jurisdiction arises under 28 U.S.C. § 1291. "We review the district court's grant of summary judgment de novo, applying the same standard used by

---

[1]  Because Mr. DuHall's § 1981a and § 1981 claims failed, his § 1988 claim implicitly failed as well.

[2]  On September 10, 2009, Mr. DuHall filed an "Informal Brief of Petitioner" in the United States Court of Appeals for the Federal Circuit to which he attached a copy of the district court's August 10, 2009, order and in which he challenged the district court's ruling. Pursuant to Fed. R. App. P. 4(d), the Clerk of the Federal Circuit Court transmitted Mr. DuHall's document to the Clerk for the United States District Court for the District of Colorado noting that it had been received at the Federal Circuit on September 10, 2009. The district court construed the filing as a notice of appeal and transmitted it to this court for docketing. Mr. DuHall then filed an amended notice of appeal.

At the time the notice of appeal and the amended notice of appeal were filed, Mr. DuHall's postjudgment motions remained pending in the district court. When the district court disposed of those motions in its November 3 order, the notice of appeal became effective to appeal the August 10 order. *See* Fed. R. App. P. 4(a)(4)(B)(i).

As for appealing the denial of the postjudgment motions, although Mr. DuHall did not file a new or amended notice of appeal challenging the November 3 denial of those motions, *see* Fed. R. App. P. 4(a)(4)(B)(ii), he did submit a document to this court captioned "Petition for Permission to Appeal" which referenced the November 3 order. Further, Mr. DuHall's brief on appeal was filed within thirty days of the November 3 order. Under these circumstances, we will construe Mr. DuHall's filings as a notice of appeal under Fed. R. App. P. 3 that is sufficient to comply with Fed. R. App. P. 4(a)(4)(B)(ii) thus allowing this court to review the district court's November 3 order. *See Smith v. Barry*, 502 U.S. 244, 245 (1992) (holding that "a document intended to serve as an appellate brief may qualify as the notice of appeal required by Rule 3").

the district court." *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005) (quotation omitted). Thus, we will affirm "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). An order denying a postjudgment motion is reviewed for an abuse of discretion. *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005).

Turning to the merits of this appeal, we address Mr. DuHall's issues in the order in which he presents them in his brief. Mr. DuHall first argues that he has grounds for relief from a final judgment under Fed. R. Civ. P. 60(b)(2). That rule allows relief from a final judgment when there exists "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Mr. DuHall's "new" evidence consists of an affidavit from a witness who was present when Mr. Gerhard's racist remarks were made, an affidavit from a doctor regarding the effect defendant's conduct had on Mr. DuHall's health, and his own affidavit. None of this evidence can be considered "new" for purposes of Rule 60(b)(2). Newly discovered evidence has to be newly discovered after the twenty-eight-day deadline for moving for a new trial under Fed. R. Civ. P. 59(b) has expired. *See Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 727 (10th Cir. 1993). Mr. DuHall makes no showing that the additional evidence he presents was not discoverable, using due diligence, until

-4-

more than twenty-eight days after judgment entered. *See id.* Indeed, the testimony of the witness, which is referenced in the district court's August 10 order, and his own affidavit were obviously available to Mr. DuHall well before he filed his postjudgment motions. Mr. DuHall did not show that, even with the exercise of due diligence, he could not have obtained the affidavit from the doctor or secured deposition testimony from him in a timely manner.

Mr. DuHall also argues that Rule 60(b)(5) provides him grounds for relief from judgment. Rule 60(b)(5) allows relief from judgment where "the judgment has been satisfied, released or discharged." It has no application to Mr. DuHall's case. Similarly, Mr. DuHall does not show the exceptional circumstances that would justify relief under Rule 60(b)(6). *See Smith v. United States*, 561 F.3d 1090, 1096 n.8 (10th Cir. 2009) (noting relief under Rule 60(b)(6) "is extraordinary and may only be granted in exceptional circumstances" (further quotation omitted)).

Mr. DuHall next argues that, even in the context of Lennar's organizational problems, which it cited as the reason for its failure to make timely repairs to Mr. DuHall's home, he was treated differently than the white home owners who also had problems with Lennar.[3] Mr. DuHall bases this claim on the racist

---

[3] This contention is somewhat undercut by Mr. DuHall's previous attempt to assert a class action on behalf of himself and his neighbors, some of whom were white, alleging that they all suffered from the same ill treatment by Lennar.

comments of Mr. Gerhard. The district court held that these statements were insufficient to establish a § 1981 claim against Lennar because there is no evidence that Mr. Gerhard possessed management or decision-making authority sufficient to impute discriminatory animus to his employer. *See EEOC v. Wal-Mart Stores, Inc.,* 187 F.3d 1241, 1247 (10th Cir. 1999) (ADA case applying 42 U.S.C. § 1981a(b)(1)); *see also Saulsberry v. St. Mary's Univ. of Minn.*, 318 F.3d 862, 867 (8th Cir. 2003) (refusing to admit evidence of alleged race-based comments because they were made by nondecisionmakers); *cf. Johnson v. Weld County,* 594 F.3d 1202, 1208-09 (10th Cir. 2010) (noting "an employee's statements are not attributable to his employer as a party-opponent admission in an employment dispute unless the employee was involved in the decisionmaking process affecting the employment action" (further quotation omitted)).

Mr. DuHall argues that both Mr. Gerhard and Mr. Sorsby had sufficient authority to permit the district court to impute Mr. Gerhard's racist statements to Lennar. Mr. DuHall's conclusory statements in this regard are unavailing. Mr. Sorsby never made racist comments to or regarding Mr. DuHall, and there is no evidence that Mr. Gerhard had management or final decision-making authority with Lennar. Ultimately, Mr. DuHall's case fails because he has not shown that Lennar intended to discriminate against him on the basis of his race. *See Hampton v. Dillard Dept. Stores, Inc.*, 247 F.3d 1091, 1101-02 (10th Cir. 2001).

Mr. DuHall's motion for leave to proceed on appeal without prepayment of costs or fees is GRANTED. His request that this court appoint a special master pursuant to Fed. R. Civ. P. 53 and order a settlement conference is DENIED. The motion to expedite is DENIED as moot. The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Chief Judge