**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVID CIEMPA,

        Plaintiff-Appellant,

v.

JUSTIN JONES; LEO BROWN,

        Defendants-Appellees,

and

DICK BARTLEY; AL BLAIR; RICK
BOYETT; WALTER DINWIDDIE;
JAMES CAVE; JOHN DOE, sued as
"Unknown Employee"; DEBBIE L.
MORTON; KAMERON HARVANEK;
G. MCCLARY; CURTIS HOOD; CHRIS
REDEAGLE,

        Defendants.

No. 11-5127
(D.C. No. 4:08-CV-00685-CVE-TLW)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

_____

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

Pro se prisoner David Ciempa interlocutorily appeals from the district court's order denying his "Second Motion to Reassert Motion for Preliminary Injunction." We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we AFFIRM.

## Background

Ciempa is currently incarcerated by the Oklahoma Department of Corrections. In 2008, he sued various Department personnel in federal court, alleging that he was a member of "The Nation of Gods and Earths" (NGE) and that his religious freedoms were being violated.[1]

In July 2009, Ciempa filed a motion for a preliminary injunction or a temporary restraining order, arguing that he was being denied (1) access to the prison chapel; (2) the opportunity to buy "mandated pork- or pork by-product-free hygienic products"; (3) a Halal diet; and (4) access to "the religious periodical *The Five Percenter*." R. at 97-98. The district court denied the motion, noting that Ciempa had not served the motion on any defendant, and he had not demonstrated why notice should be waived.

---

[1] According to Ciempa, NGE "traces its roots to the Black Muslim movement that emerged in the midtwenieth [sic] century and most directky [sic] to the Nation of Islam." R. at 577. According to NGE literature, the white race is equated with the "Devil." *Id.* at 711. "The NGE has been designated as a prison security threat group in Michigan, New Jersey, North Carolina, South Carolina, and Virginia." *Id.* at 591 n.5 (citations omitted).

In December 2009, Ciempa filed a "Motion to Reassert His Motion for Preliminary Injunction." *Id.* at 576. The district court, in August 2010, construed the motion as a second request for a preliminary injunction, and denied it on the merits, stating that "[t]he potential risk to prison safety that the requested injunction would create greatly outweighs the risk of harm to Ciempa," and that it would not "second-guess prison officials' reasonable determinations regarding prison safety without a fully developed record." *Id.* at 642-43. Ciempa appealed to this court (No. 10-5120), where the appeal was dismissed for failure to prosecute.

Back in the district court, in August 2011, Ciempa filed a "Second Motion to Reassert Motion for Preliminary Injunction." *See id.* at 1287. The court denied the motion, "find[ing] no clear error in the prior ruling, nor any other basis warranting reconsideration of the issues." *Id.* at 1289. This appeal followed.[2]

## Discussion

"To obtain a preliminary injunction, the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest." *Att'y Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009) (quotation

---

[2] Ciempa concedes that his opening brief does not challenge any of the district court's orders concerning the provision of pork products and a Halal diet. Reply Br. at 6. While he does appear to raise those matters in his reply brief, "[w]e decline to consider arguments raised for the first time in a reply brief." *Lauck v. Campbell Cnty.*, 627 F.3d 805, 810 n.2 (10th Cir. 2010) (quotation omitted).

omitted).  Our review of an order denying preliminary injunctive relief is only for an abuse of discretion.  *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003).  And in this case, our review is doubly deferential, as we are not simply reviewing an order denying preliminary injunctive relief; but rather, we are reviewing an order denying reconsideration of an order denying preliminary injunctive relief.  *See Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) (observing that orders denying reconsideration are reviewed for an abuse of discretion).

After reviewing the record and the briefs, we conclude that the district court's decision was not "arbitrary, capricious, whimsical, or manifestly unreasonable" so as to constitute an abuse of discretion.  *Att'y Gen. of Okla.*, 565 F.3d at 776 (quotations omitted).  Ciempa has failed to establish to any degree that the balance of hardships and the public interest weighed in his favor.  Indeed, on appeal, Ciempa cites evidence that supports the district court's decision.  He notes that in 2007, a Department chaplain authored an email stating that NGE adherents would not be given time on a religious-services schedule because of the group's racist beliefs.  Such beliefs are relevant to whether the requested injunction might pose a "potential risk to prison safety."  R. at 642.  Clearly, jeopardizing prison safety constitutes injury to the Department and is adverse to the public interest - the third and fourth preliminary-injunction factors.  Ciempa has not shown that the district court

improperly weighed these factors, let alone that the court abused its discretion in denying reconsideration.[3]

## Conclusion

The judgment of the district court is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge

---

[3]     Appellees state in their response brief that the Department has begun allowing Ciempa time in the prison chapel.  Consequently, at least part of this appeal may be moot, in addition to meritless.