**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**August 21, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ERIC LEVANTER DEMILLARD,

Plaintiff - Appellant,

v.

COLORADO STATE PATROL;
COLORADO STATE CAPITOL
BUILDING SERGEANT-AT-ARMS-
SECURITY FORCE,

Defendants - Appellees.

No. 24-1154
(D.C. No. 1:23-CV-00542-LTB)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.

_____

Plaintiff Eric DeMillard, appearing pro se, appeals from the district court's

denial of his post-judgment motion for relief.  Exercising jurisdiction pursuant to

28 U.S.C. § 1291, we affirm the district court's decision.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

Mr. DeMillard initiated these proceedings by filing a pro se complaint against the Colorado State Patrol and the security force for the Colorado State Capitol Building.  The complaint alleged that on February 23, 2023, Mr. DeMillard was "threatened and intimidated and harassed" by the defendants when he "slowly ambulated . . . to the Colorado State Capitol Building."  R. at 8.  The complaint asked the district court to "properly imprison" the defendants and to award him damages. *Id.* at 6.  The complaint also included additional pages that contained other vague and unintelligible allegations.

The magistrate judge issued an order directing Mr. DeMillard to refile his complaint on a court-approved form and to either submit a court-approved application for leave to proceed without prepayment of fees and costs or pay the requisite filing fee.  The magistrate judge advised Mr. DeMillard that if he failed to do so within thirty days, the action would be dismissed without prejudice.

Mr. DeMillard timely filed an amended complaint on a court-approved form. But he did not pay the requisite filing fee or file a court-approved application for leave to proceed without prepayment of fees and costs.

On September 15, 2023, the district court dismissed the action without prejudice due to Mr. DeMillard's failure to comply with the magistrate judge's order and for failure to prosecute the action.  Final judgment was entered the same day.

On April 1, 2024, Mr. DeMillard filed a pro se motion asking the district court to "Legally Approve" a judgment against the two named defendants in the amount of

2

$160,000,000.  R. at 124.  The district court summarily denied that post-judgment motion on April 8, 2024.

Mr. DeMillard filed a notice of appeal on April 16, 2024.

II

We begin by noting that our appellate review is limited to the district court's April 8, 2024 order denying Mr. DeMillard's post-judgment motion.  Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure generally provides that "[i]n a civil case, . . . the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A).  Because Mr. DeMillard did not file a notice of appeal until April 16, 2024, the only order that falls within the thirty-day window provided by Rule 4(a)(1)(A) is the district court's April 8, 2024 order denying his post-judgment motion.

We review the denial of a post-judgment motion for abuse of discretion.  *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005).  This standard "includes review to determine that the discretion was not guided by erroneous legal conclusions."  *Id.* (internal quotation marks omitted).  We will reverse the district court's determination "only if we find a complete absence of a reasonable basis and are certain that the district court's decision is wrong."  *Utah ex rel. Div. of Forestry, Fire & State Lands v. United States*, 528 F.3d 712, 723 (10th Cir. 2008) (internal quotation marks omitted).

Post-judgment motions may be filed under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  Mr. DeMillard did not identify which of these

3

rules he was seeking relief under. A motion under Rule 59(e) seeks to "alter or amend a judgment" and "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Because Mr. DeMillard filed his motion well past 28 days after entry of the judgment, he could not seek relief under Rule 59(e). That leaves Rule 60(b). Rule 60(b) provides that "the court may relieve a party . . . from a final judgment" for several enumerated reasons, including, as relevant here, "mistake, inadvertence, surprise, or excusable neglect," "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," "the judgment is void," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (3), (4), (6).

After examining Mr. DeMillard's appellate brief and the record on appeal, we conclude that none of these bases existed for relieving Mr. DeMillard from the final judgment that was entered by the district court. We therefore conclude the district court did not abuse its discretion in denying Mr. DeMillard's post-judgment motion.

III

We affirm the district court's order denying Mr. DeMillard's post-judgment motion and deny Mr. DeMillard's motion for leave to proceed on appeal in forma pauperis.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

4