FILED
United States Court of Appeals
Tenth Circuit

October 28, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JUAN SEGURA,

     Plaintiff - Appellant,

v.

RANDALL WORKMAN, Warden,

     Defendant - Appellee.

No. 09-5100
(D.C. No. 4:02-CV-0243-HDC-PJC)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.


Juan Segura, a state prisoner appearing pro se, appeals the district court's

refusal to grant relief under Federal Rule of Civil Procedure 60(b). We exercise

jurisdiction pursuant to 28 U.S.C. § 1291 and **AFFIRM** the district court's denial

of the Rule 60(b) motion.

---

[*]   This Order and Judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**BACKGROUND**

In 1999, Mr. Segura was convicted in Oklahoma state court of first-degree murder and sentenced to life in prison without the possibility of parole. In 2002, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Oklahoma. After a series of fee-related delays, the district court denied the petition on July 14, 2008. Three months later, on October 15, 2008, Mr. Segura wrote to the district court requesting an order that would secure him access to the prison law library to enable him to respond to the denial of the habeas petition. Construing this as a petition for additional time to file a response, the district court denied his request as untimely on October 17, 2008.

More than seven months later, on May 27, 2009, Mr. Segura filed with the district court a "Motion for Reconsideration to Rehear Case." Because it was filed too late to be a motion to alter or amend the October 17 order under Federal Rule of Civil Procedure 59(e), and because Mr. Segura did not reassert substantive habeas claims, *see Gonzalez v. Crosby*, 545 U.S. 524, 533–36 (2005), the district court construed the motion as a "true" Rule 60(b) motion for relief from the October 17 order. Finding that Mr. Segura did not meet any of the requirements of Rule 60(b), the district court denied relief in an order dated June 1, 2009.

On July 1, 2009, Mr. Segura refiled his "Motion for Reconsideration to Rehear Case" with this Court, but we construed it as a Notice of Appeal and sent it to the district court as directed by Rule 4(d) of the Federal Rules of Appellate Procedure. On July 9, 2009, the district court denied Mr. Segura a certificate of appealability (COA) from the June 1, 2009, order.[1] On July 30, 2009, the district court granted Mr. Segura's motion to proceed on appeal *in forma pauperis*. Mr. Segura then filed a motion in this Court. We construe Mr. Segura's motion as appealing from the district court's order denying his Rule 60(b) motion, and we affirm.

---

[1] Because of the unique procedural posture of this case, it seems to have been error for the district court to reach the COA issue. A COA is a jurisdictional prerequisite to an appeal from the denial of a § 2254 motion. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We have held that, where a habeas petitioner subsequently brings a "true" Rule 60(b) motion challenging the resolution of a habeas petition, "we will require the movant to obtain a certificate of appealability . . . before proceeding with his or her appeal." *Spitznas v. Boone*, 464 F.3d 1213, 1217–18 (10th Cir. 2006). In such a case, we may not issue a COA unless "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added); *see Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) ("If the application was denied on procedural grounds, the applicant faces a double hurdle.").

In this case, however, the district court found that Mr. Segura's May 27, 2009, Rule 60(b) motion challenged not the July 14, 2008, habeas ruling but the October 17, 2008, order denying him additional time to respond. Mr. Segura's pleadings thus do not complain of a "denial of a constitutional right," so there is no need to address the issue of a COA. We treat the current filing as a direct appeal of the district court's Rule 60(b) order.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) provides:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief.

Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007) (internal quotation marks omitted). "An appeal of a district court's denial of a motion to reconsider raises for review only the district court's order of denial and not the underlying judgment itself." *Elsken v. Network Multi-Family Sec. Corp.*, 49 F.3d 1470, 1476 (10th Cir. 1995) (internal quotation marks omitted). "We review the denial of Rule 60(b) relief for an abuse of discretion." *Manning v. Astrue*, 510 F.3d 1246, 1249 (10th Cir. 2007), *cert. denied*, 129 S. Ct. 486, 487 (2008).

The district court found that Mr. Segura had not demonstrated excusable neglect for his dilatoriness in seeking reconsideration of the October 17 order. *See* Fed. R. Civ. P. 60(b)(1). The determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). These circumstances include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* "'[F]ault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable.'" *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (quoting *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)). "An additional consideration is whether the moving party's underlying claim is meritorious." *Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005). Taking into account this substantive, merits-based consideration is a safeguard against frivolous litigation. *See id.* (citing *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444–45 (10th Cir. 1983)). Likewise, "[a] court may take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay)." *Id.*

Mr. Segura alleged before the district court that his inability to access the prison law library prevented him from responding in a timely manner to either the district court's July 14, 2008, order denying habeas relief, or to the October 17, 2008, order denying his request for additional time to respond. Specifically, as to the October 17 order, Mr. Segura mentioned a prison "race war" and his placement in "segregation review" as the reasons why he was unable to access legal materials. R., Vol. I, at 202–03 (Mot. for Recons. to Rehear Case, filed May 27, 2009). Noting that Mr. Segura nonetheless acknowledged receiving the October 17 order on October 26, the district court found insufficient reason for Mr. Segura's delay in the ensuing seven-month period. "Although Petitioner's placement in segregation may have resulted in limited access to his facility's law library, it does not constitute 'excusable neglect' for his failure to take prompt action upon receipt of the Court's Order." R., Vol. I, at 206 (Dist. Ct. Order, filed June 1, 2009).

After reviewing the record, we are convinced that the district court did not abuse its discretion in finding that Mr. Segura's seven-month delay was not attributable to "excusable neglect" under Rule 60(b)(1). Likewise, none of the other sections of Rule 60(b) offer the prospect of relief for Mr. Segura.

## CONCLUSION

Mr. Segura has not established that the district court abused its discretion in rejecting his claim of "excusable neglect," and we therefore **AFFIRM** the

district court's judgment denying his Rule 60(b) motion.  Mr. Segura's habeas

case remains closed.

Entered for the Court

JEROME A. HOLMES
Circuit Judge