ALD-165                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4551
_____

ALFRED PETROSSIAN,
                              Appellant
v.

JERRY S. COLLINS;
ROSE MARY HOWELL;
SUSAN A. COLE, in their individual and official capacities
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-11-cv-04882)
District Judge:  Honorable Faith S. Hochberg
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 26, 2012
Before:  SLOVITER, FISHER and WEIS, Circuit Judges
(Opinion filed: May 8, 2012)
_____

OPINION
_____

PER CURIAM.

Alfred Petrossian appeals, pro se, the District Court's sua sponte dismissal of his

complaint and amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).  Because we

conclude that this appeal presents no substantial question, we will summarily affirm.  See

1

3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## I.

In August 2011, Petrossian filed a complaint in the District Court; the District Court allowed him to file an amended complaint in October 2011. The defendants are all employees of Montclair State University ("MSU"), a public university in New Jersey. Petrossian, who is neither a student nor employed by MSU, spends time at the school library.[1] In June 2011, Petrossian received a letter written by defendant Collins, stating that he would no longer be permitted on the MSU campus. MSU's decision was based on Petrossian's "alleged policy violations" and disruptive conduct. Petrossian claims that the ban is retaliation for his exercise of his First Amendment rights. He explains that he passed a note to the office of the MSU library dean complaining about a reference librarian. In it, Petrossian described the librarian's physical appearance and voice with insulting language. He claims institutional racial discrimination, retaliation, "retributive justice," and raises claims under 42 U.S.C. §§ 1981, 1983, and 1985, Title VII of the Civil Rights Act, and the First, Sixth, and Fourteenth Amendment.

On December 7, 2011, the District Court dismissed the complaint and the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a non-

---

[1] Petrossian states that, in 2008, he "joined a paid membership" at an MSU recreational center. He asserts that the "membership was under the banner of 'Alumni Association,' a status which the plaintiff has held since mid-1970s . . . an association through which the plaintiff was officially given an 'alumni Association' status." He does not state affirmatively, however, that he actually *is* an MSU alumnus. He further states that MSU terminated his membership in 2009.

frivolous claim against the defendants. Petrossian filed a timely notice of appeal and a motion to reinstate the case.[2] The District Court denied that motion on January 13, 2012.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal under § 1915(e)(2)(B). Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review denials of Rule 60(b) motions for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). Summary action is warranted if an appeal presents no substantial question. 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## III.

As the District Court noted, to state a claim for relief under Title VII, Petrossian must at the very least allege that he was an MSU employee and that he suffered some employment discrimination. See 42 U.S.C. § 2000e. He has done neither. The District Court also correctly found that Petrossian failed to allege any violations of the rights protected by § 1981, which forbids discrimination on the basis of race in the making of public and private contracts. See St. Francis Coll. v. Al-Khazraji, 481 U.S. 604, 609 (1987).

As to Petrossian's § 1983 claim based on an alleged First Amendment violation, he has failed to establish that his note to the librarian was constitutionally protected

---

[2] The District Court construed the motion as a motion to vacate or amend the prior order, given that Petrossian requested relief pursuant to Fed. R. Civ. P. 60(b)(1).

3

activity.  See Estate of Smith v. Marasco, 318 F.3d 497, 512 (3d Cir. 2003).  His Sixth Amendment claim is meritless because the Sixth Amendment applies to criminal proceedings only.  See Turner v. Rogers, 131 S. Ct. 2507, 2516 (2011).  His Fourteenth Amendment claim—that he has a protected liberty interest in access to the MSU library—is conclusory and without any legal support.  Accordingly, we agree with the District Court that Petrossian failed to allege any violations of any protected rights, and thus, his claim under § 1983 is without merit.

Lastly, we conclude that the District Court properly dismissed Petrossian's § 1985 claim.  To state a claim under § 1985(3), a plaintiff must allege:  (1) a conspiracy of two or more persons; (2) motivated by racial or class-based discriminatory animus designed to deprive, directly or indirectly, any person or class of person to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or to the deprivation of any right or privilege of a citizen of the United States.  See Brown v. Philip Morris Inc., 250 F.3d 789, 805 (3d Cir. 2001).  He fails to allege any facts indicating that the defendants conspired to deprive him of protected rights or that their decision to deny him access to the MSU campus was racially motivated.

Following the dismissal, Petrossian sought relief under Rule 60(b)(1), which provides that a court may relieve a party from final judgment for "mistake, inadvertence, surprise, or excusable neglect."  He claimed that the District Court "took no interest in ascertaining how a U.S. Citizen . . . is permanently outcast from a public community and public venues, by mere false allegation of undefined 'disruptive conducts.'"  The District

4

Court properly determined that Petrossian was attempting to relitigate his claims, and failed to demonstrate any extraordinary circumstances warranting 60(b) relief. See Martinez-McBean v. Gov't of Virgin Islands, 562 F.2d 908, 911-12 (3d Cir. 1977). Accordingly, we find that the District Court did not abuse its discretion in denying relief under Rule 60(b)(1). See Budget Blinds, 536 F.3d at 251.

**IV.**

Because the appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. Petrossian's motion for injunctive relief asking us to restore his access to MSU is denied.