**CLD-200 and CLD-201**                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 12-3853 & 13-1524
_____

ALFRED PETROSSIAN,
Appellant

v.

JERRY S. COLLINS; ROSE MARY HOWELL; SUSAN A. COLE,
in their individual and official capacities
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 11-cv-04882)
District Judge:  Honorable Faith S. Hochberg
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 18, 2013

Before:  RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: May 06, 2013)
_____

OPINION
_____

PER CURIAM

Alfred Petrossian appeals pro se from the orders of the United States District

Court for the District of New Jersey: (1) denying his motion to amend the District Court

order that dismissed his amended complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), C.A. No. 12-3853; and (2) denying his motion for reconsideration, C.A. No. 13-1524. We will affirm both of the District Court's orders.

I.

Petrossian brought a pro se civil rights and Title VII action against several employees of Montclair State University. Petrossian was a frequent visitor of the University until an alleged incident of 'disruptive conduct' caused the administration to ban him from the campus. He claimed the University's punishment was discriminatory, retaliatory, and infringed upon his freedom of speech, confrontation, and due process rights. The District Court found that Petrossian's complaint did not raise viable grounds for relief and gave him the opportunity to amend. He filed an amended complaint, which the District Court dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a non-frivolous claim against the Defendants. A few weeks later, the Court filed an amended order changing the dismissal to one with prejudice. Petrossian filed a notice of appeal, and simultaneously filed a motion to reinstate the case in District Court. The District Court construed his filing as a motion to vacate or amend under Fed. R. Civ. P. 60(b), and denied his request. We summarily affirmed the dismissal and the subsequent denial of Rule 60(b) relief. Petrossian v. Collins, 479 F. App'x 409 (3d Cir. May 8, 2012).

In 2012, Petrossian filed another motion, asking to change the District Court's dismissal order from "with prejudice" to "without prejudice." It appears Petrossian may

2

have been motivated to file this motion because his state case had been dismissed on grounds of *res judicata*. On September 20, 2012, the District Court denied Petrossian's request. Petrossian timely filed a notice of appeal (C.A. No. 12-3853). He subsequently filed another motion for reconsideration with the District Court, which was denied in an order entered on January 24, 2013. He appealed that order as well (C.A. No. 13-1524).

II.

We have appellate jurisdiction under 28 U.S.C. § 1291, and review the District Court's orders for abuse of discretion. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (reviewing Rule 59(e) motions); Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008) (reviewing Rule 60(b) motions). We may take summary action when an appeal presents us with no substantial question. See 3d Cir. LAR 27.4.

III.

In the first appeal, C.A. No. 12-3853, the District Court construed Petrossian's 'motion to amend' as a Rule 59(e) motion, and denied relief on the merits using the criteria established under Rule 59(e). See Lazaridis, 591 F.3d at 669 (providing the Rule 59(e) criteria). Although Rule 59(e) and Rule 60(b) motions are often used interchangeably, they do serve different purposes and sometimes produce different consequences. See Jennings v. Rivers, 394 F.3d 850, 854-55 (10th Cir. 2005). On reflection, we believe the motion would have been better evaluated as a Rule 60(b)(6) request. First, the motion was not properly filed under Rule 59(e). See Fed. R. Civ. P 59(e) (requiring that such motions be filed within 28 days from the entry of the

3

judgment).  Second, Petrossian was seeking to strike certain language within the court order; in effect, he was attempting to reopen the proceedings to change the terms of the judgment.  This seems to directly implicate Rule 60(b).

Any error in the construction of Petrossian's motion was harmless, however, as he failed to meet the requirements of Rule 60(b) as well.[1]  Relief under Rule 60(b)(6) "is available only in cases evidencing extraordinary circumstances."  Morris v. Horn, 187 F.3d 333, 341 (3d Cir. 1999) (quotation marks and citations omitted).  A Rule 60(b)(6) motion may not be used as a substitute for an appeal or as a means for seeking review of this Court's previous opinion in the same case.  See Reform Party v. Allegheny Cnty. Dep't of Elections, 174 F.3d 305, 312 (3d Cir. 1999).

In his 'motion to amend' Petrossian asked for essentially the same relief he previously requested in a prior Rule 60(b) motion.  Likewise, he could and should have made his arguments in the prior appeal.  The District Court denied the prior motion, and we affirmed its decision because Petrossian failed to demonstrate any extraordinary circumstance warranting relief.  Petrossian v. Collins, 479 F. App'x 409 (3d Cir. May 8, 2012).  Petrossian has not presented anything new this time around, and therefore we will affirm the District Court's refusal to reopen the proceedings.

As for the second appeal, C.A. No. 13-1524, from the denial of his motion for reconsideration of the order declining to reopen the judgment, we will also affirm.  A

---

[1] The outcome of this appeal would be the same even if we followed the District Court's construction of Petrossian's pleading as a Rule 59(e) motion.

4

Rule 59(e) motion for reconsideration is a limited vehicle. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). The District Court may amend a judgment if the moving party shows that there was either an intervening change in the law; newly discovered evidence is available for consideration; or a clear error of law must be corrected to prevent manifest injustice. Id.

Petrossian attempts to address the factors required under Rule 59(e), by arguing that the commencement of his state action constitutes his 'new evidence,' and that it is manifestly unjust to preclude him from ever receiving relief simply because he lacked the legal proficiency to raise a cognizable federal claim. See App. Brief at 8, 15 (No.12-3853), at 11 (No. 13-1524); Mot. Rec. 2, Dec. 26, 2012, ECF No. 30. However, the negative lateral consequences of the District Court's decision do not make its judgment either erroneous or manifestly unjust.[2] If Petrossian thinks that the state court erred in its *res judicata* analysis, his remedy lies in that system, on appeal or otherwise, not in ours.

For these reasons, the District Court did not abuse its discretion in denying Petrossian's motions under either Rule 59(e) or Rule 60(b)(6).

IV.

---

[2] The District Court gave Petrossian proper leave to amend, see Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007), and reviewed each of his claims on the merits, see Dist. Ct. Op. 3, Dec. 7, 2011, ECF No. 7. Thus, it was proper to dismiss the claims with prejudice under 28 U.S.C. § 1915(e)(2)(B). See Allah v. Sieverling, 229 F.3d 220, 223 (3d Cir. 2000) (reviewing dismissals for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) under the same standards as Fed. R. Civ. P. 12(b)(6)).

These appeals present us with no substantial question. <u>See</u> 3d Cir. L.A.R. 27.4 and I.O.P. 10.6. Accordingly, we will affirm the District Court's orders. <u>Murray v. Bledsoe</u>, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam). We deny the motion to expedite filed by Petrossian in C.A. No. 13-1524