**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4650
_____

ALFRED PETROSSIAN,
                                                    Appellant,

v.

SUSAN A. COLE, in her personal and official capacities
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 14-cv-03877)
District Judge: Honorable Faith S. Hochberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 13, 2015

Before:  AMBRO, VANASKIE and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  May 27, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Alfred Petrossian appeals from an order of the District Court dismissing his

amended complaint as barred by res judicata and declining to exercise supplemental

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute
binding precedent.

jurisdiction.  For the reasons that follow, we will affirm.

In June, 2011, Petrossian was advised that he would no longer be permitted on the Montclair State University campus because of disruptive conduct.  Petrossian filed a civil rights action, 42 U.S.C. § 1983, in the United States District Court for the District of New Jersey against University President Susan A. Cole and others, claiming that the ban was in retaliation for his exercise of his First Amendment right to state in a note to a University official that one of its librarians was a "[f]at, black person" "with a voice of a tormented crow."  The District Court eventually dismissed the complaint with prejudice for failure to state a claim, and later denied a motion to reopen the judgment.  We summarily affirmed the dismissal and the subsequent denial of Rule 60(b) relief. Petrossian v. Collins, 479 F. App'x 409 (3d Cir. 2012) (note referring negatively to university librarian not protected activity).  In 2012, Petrossian filed a motion, asking the District Court to change its dismissal order from "with prejudice" to "without prejudice." The District Court denied the request and a subsequent request for reconsideration.  We summarily affirmed.  Petrossian v. Collins, 523 F. App'x 861 (3d Cir. 2013).

On June 17, 2014, Petrossian filed another civil rights action against Cole, alleging that her conduct in banning him from the University curtailed his rightful social privileges, defamed him, and violated his right of free association.  He also claimed that Cole defamed him again when, in 2013, she refused to clear his reputation.  After Petrossian amended his complaint, Cole moved to dismiss it pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the doctrine of res judicata barred the 2014 civil action.  Petrossian responded in opposition to the motion.  Thereafter, the District Court

2

issued an order requiring Cole to respond to Petrossian's assertion that the 2014 action was not the same as his prior action because it involved wrongful conduct occurring in 2013. Cole responded to the Court's order by explaining that, on June 18, 2013, Petrossian sent a letter complaining that the University had continued to abridge his rights by banning him from the campus, and, that, on June 19, 2013, Maria Anderson, Assistant University Counsel, wrote a response to Petrossian, discussing the lawsuits (both in state and federal court) that he had filed, and expressing the view that he had had ample opportunity to contest the University's decision and thus it would have no further comment. Cole argued that, because the two 2013 letters merely discussed the 2011 incident and ban, they did not give rise to a new cause of action.

In an order entered on November 5, 2014, the District Court dismissed Petrossian's amended complaint as barred by res judicata and declined to exercise supplemental jurisdiction over his state law claims. With regard to res judicata, the Court reasoned that the 2011 and 2014 actions against Cole both involved the 2011 ban on Petrossian, and that the University's 2013 refusal to revisit the original alleged constitutional violation was not itself a fresh constitutional violation. Prior to dismissing the amended complaint, the Court denied Petrossian's motion to recuse.

Petrossian appeals. We have jurisdiction under 28 U.S.C. § 1291. He argues in his Informal Brief that the District Court's res judicata determination was incorrect, that the District Court should have granted his motion to recuse because the Court shares the same social status, position, and gender as Cole, Appellant's Informal Brief, at 16, and

3

that the District Court abused its discretion in declining to exercise supplemental jurisdiction over his defamation claim.

We exercise plenary review over res judicata, or claim preclusion, dismissals. See Elkadrawy v. Vanguard Group, Inc., 584 F.3d 169, 172 (3d Cir. 2009). Res judicata, also known as claim preclusion, applies in both federal court and New Jersey when there has been (1) a final judgment on the merits in a prior lawsuit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action. See Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991). The doctrine is "central to the purpose for which civil courts have been established, the conclusive resolution of disputes," and seeks to avoid "the expense and vexation" of multiple lawsuits, while conserving judicial resources and "minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153-54 (1979). The doctrine "bars not only claims that were brought in a previous action, but also claims that could have been brought." In re: Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008) (discussing New Jersey law). Whether res judicata bars an action may be decided pursuant to Rule 12(b)(6) when "all relevant facts are shown by the [C]ourt's own records." Day v. Moscow, 955 F.2d 807, 811 (2d Cir. 1992).

We will affirm. The District Court correctly determined that Petrossian's 2014 amended complaint reasserted the same cause of action against Cole that was previously alleged and properly dismissed in his 2011 civil action. A dismissal with prejudice constitutes an adjudication on the merits "as fully and completely as if the order had been entered after trial." Gambocz v. Yelencsics, 468 F.2d 837, 840 (3d Cir. 1972). We

4

further agree with the District Court that the University's June 19, 2013 letter to Petrossian did not give rise to a new § 1983 cause of action because it plainly concerned the misconduct and resulting campus-wide ban which Petrossian previously litigated. In determining whether a subsequent case is based upon the same cause of action as a prior case, we will look, not to the specific legal theory invoked, but, rather to whether there is an "essential similarity of the underlying events giving rise to the various legal claims." Elkadrawy, 584 F.3d at 173. Here, the only difference between the 2011 and 2014 civil actions is the June 19, 2013 letter from University counsel sent in response to Petrossian's letter demanding that the University lift the 2011 ban. Thus, the evidence needed to sustain Petrossian's 2014 § 1983 claims would be identical to the proofs needed to support his 2011 § 1983 claims. All of the *material* facts alleged are identical to those asserted in the 2011 civil action; the June, 2013 correspondence merely references the ban and the conduct which provided the basis for the ban. The fact that Petrossian did not pursue the same legal theories in the 2011 lawsuit is of no moment because res judicata bars legal theories that actually were brought and also those that could have been brought. See Mullarkey, 536 F.3d at 225.

Next, the District Court properly denied Petrossian's motion to recuse. Pursuant to 28 U.S.C. § 144, a party may seek to recuse a federal judge on the basis of bias or prejudice. Section 455 of Title 28 requires a judge to recuse where his or her impartiality might reasonably be questioned. See Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 162 (3d Cir. 1993). Neither of these statutes provide a basis for recusal where a litigant is simply displeased, as Petrossian was (and is), with a prior adverse ruling. See

5

Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000) (party's displeasure with legal rulings does not form an adequate basis for recusal). Petrossian's assertion of gender and social class bias finds no support in the record.

Last, the District Court's decision not to exercise supplemental jurisdiction is reviewed for an abuse of discretion. See Hudson United Bank v. LiTenda Mortgage Corp., 142 F.3d 151 (3d Cir. 1998). A District Court has discretion to "decline to exercise supplemental jurisdiction over a claim ... if ... (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c) (3). Because the Court dismissed all claims over which it had original jurisdiction, it had the authority to decline to exercise supplemental jurisdiction. Petrossian mistakenly interprets the District Court's decision not to exercise supplemental jurisdiction as a type of immunity from suit granted to Cole and the Attorney General due to the alleged expiration of the statute of limitations. Appellant's Informal Brief, at i. This argument is meritless. When a District Court declines to exercise supplemental jurisdiction over state law claims, the statute of limitations is tolled while the federal suit is pending and for a period of 30 days after the suit is dismissed. 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under subsection (a) . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.").

For the foregoing reasons, we will affirm the orders of the District Court dismissing Petrossian's amended complaint pursuant to Rule 12(b)(6), declining to

6

exercise supplemental jurisdiction, and denying his motion to recuse. Petrossian's

several motions to supplement the record and motion to amend all are denied.