**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARSHALL DEWAYNE WILLIAMS,

    Plaintiff - Appellant,

v.

UNKNOWN FEDERAL AGENTS;
UNITED STATES OF AMERICA,

    Defendants - Appellees.

No. 16-6250
(D.C. No. 5:15-CV-01082-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **HARTZ**, and **O'BRIEN**, Circuit Judges.
_____

    Marshall Dewayne Williams, a federal prisoner, appeals the district court's denial of his postjudgment "Motion for Judicial Notice of Federal Records Excusing Delay and Equitable Tolling of Time to Submit Amended Civil Complaint." Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the appellant's brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.     Background

Mr. Williams filed a pro se complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), in the United States District Court for the Eastern District of Texas.  Because the events underlying the complaint involved distinct scenarios in multiple locations, that court severed the claims and transferred them to different judicial districts.  In this case Mr. Williams alleges that in Oklahoma City, Oklahoma, unknown federal agents forced him to hijack an airplane with a hoax bomb and physically and psychologically abused him during the incident, thereby violating the Fifth and Eighth Amendments to the United States Constitution.  He seeks compensatory and punitive damages.

The magistrate judge conducted an initial screening because Mr. Williams was proceeding in forma pauperis and seeking redress from a governmental entity or its officer or employee.  *See* 28 U.S.C. §§ 1915, 1915A.  The resulting report and recommendation (R&R) of November 25, 2015, concluded that the allegations in the complaint are fantastical and recommended dismissal under sections 1915(e)(2)(B) and 1915A(b) for failure to comply with Federal Rule of Civil Procedure 8, frivolousness, and failure to state a claim upon which relief may be granted.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (§ 1915(d) allows the court to dismiss "clearly baseless" claims like those "describing fantastic or delusional scenarios").  It also deemed the claims time-barred absent equitable tolling and recommended dismissal of some claims as barred by sovereign immunity.

The district court mailed a copy of the R&R to Mr. Williams at his last-known address, but it was returned to the court as undeliverable because he had not advised the court that he had been relocated. Mr. Williams did not file objections or seek an extension, so the district court adopted the R&R and dismissed the complaint on January 6, 2016. In May 2016 he requested an update on the status of his case, and the court issued an order with that information. Mr. Williams then filed the motion now under consideration, which asks the district court to take judicial notice of prison records showing when he was in transit or held without access to his legal materials or the law library, to excuse his noncompliance with unspecified court deadlines, and to allow him to file an amended complaint. The district court denied the motion and refused to toll the deadline for objecting to the R&R, but it advised Mr. Williams that he could file new claims in a separate action. He appeals these rulings.[1]

## II.    Analysis

We construe the motion for judicial notice as arising under Federal Rule of Civil Procedure 60(b) because it seeks relief from judgment and was filed more than 28 days after the entry of judgment. *See Ysais v. Richardson*, 603 F.3d 1175, 1178 nn.2 & 3 (10th Cir. 2010). We review the district court's denial of a Rule 60(b) motion for an abuse of discretion. *See Jennings v. Rivers*, 394 F.3d 850, 854

---

[1] Mr. Williams also purports to appeal the district court's January 6, 2016 order dismissing his case. But his notice of appeal for that order is not timely under Federal Rule of Appellate Procedure 4(a).

3

(10th Cir. 2005). Because Mr. Williams is proceeding without the assistance of counsel, "we construe his pleadings liberally, but we do not act as his advocate." *Ford v. Pryor*, 552 F.3d 1174, 1178 (10th Cir. 2008).

Mr. Williams argues that the district court erred in failing to hold a "mandatory" evidentiary hearing under Federal Rule of Evidence 201(e) on his motion for judicial notice. Aplt. Br. at 3. This court has made clear, however, that Rule 201 does not "require a court under all circumstances to hold a formal hearing every time a *proponent* of judicial notice so demands." *Am. Stores Co. v. Comm'r*, 170 F.3d 1267, 1271 (10th Cir. 1999). In any event, in the motion Mr. Williams explicitly "waive[d] his right, knowingly and willingly," to appear at a hearing "unless the court orders such appear[a]nce in the interest of justice." R. at 42.

Mr. Williams also suggests that his segregation and transit between prisons hampered his access to the courts, resulting in the dismissal of his claims. But he does not identify which filings were affected, nor does he address the effect of his own failure to provide the court with accurate contact information, the gross deficiencies in his original complaint, or the opportunity provided by the court to file new claims in a separate action.

Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (internal quotation marks omitted). We will reverse the district court's determination "only if we find a complete absence of a reasonable basis and are certain that the decision is wrong." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1232

4

(10th Cir. 1999) (ellipsis and internal quotation marks omitted). That is not the case here.

Seeing no abuse of discretion in the district court's ruling, we affirm. Mr. Williams's motion to proceed in forma pauperis is denied as moot. The relevant statute, 28 U.S.C. § 1915(a)(1), does not permit litigants to avoid payment of filing and docketing fees, only *prepayment* of those fees. Since we have reached the merits of this matter, prepayment of fees is no longer an issue. Mr. Williams remains obligated to pay all filing and docketing fees. He is directed to pay the fees in full to the Clerk of the District Court for the Western District of Oklahoma.

Entered for the Court

Harris L Hartz
Circuit Judge